UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 2 3 2017

Trustees for The Mason Tenders District Council
Welfare Fund, Pension Fund, Annuity Fund and
Training Program Fund *et al.*,

               Plaintiffs,

      –v–

F.J.W., Inc.,

               Defendant.

15-CV-3965 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

This is an action to confirm an arbitral award. Plaintiffs are the Trustees for the Mason
Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program
Fund (the "Funds") and Robert Bonanza ("Bonanza" and, together with the Funds, "Plaintiffs"),
in his capacity as Business Manager of the Mason Tenders District Council of Greater New York
(the "Union"). Defendant is F.J.W. Inc. ("Defendant"), an employer that, Plaintiffs maintain,
failed to make certain collectively bargained contributions and dues payments to the Funds and
the Union. Plaintiffs move for confirmation of a default award of $55,097.35 entered against
Defendant by impartial arbitrator Joseph A. Harris, PH.D., on May 25, 2014. Defendant does
not oppose and, indeed, has not appeared in this litigation. For the reasons set forth below,
Plaintiffs' motion is GRANTED.

## I.   Background

Defendant and the Union are parties to the Mason Tenders District Council of Greater
New York Master Independent Collective Bargaining Agreement, dated July 1, 2011 (the
"CBA"). *See* Dkt. No. 11, Declaration of Haluk Savci, Esq. ("Savci Dec."), Exs. 1-2. Among
other things, the CBA obligates Defendant, a building contractor that employs Union members,

to make certain regular contributions to the Funds, which are employee benefit plans and multiemployer plans established and maintained pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947, as well as dues and contribution payments to the Union. *See id.* Art. VI; Savci Dec. ¶¶ 3, 9.  The CBA also expressly binds Defendant to "all terms and conditions" of the individual trust agreements under which the Funds are established (the "Trust Agreements") and to "any rules, regulations or By-laws adopted by the Trustees of the Funds to regulate said Funds, as they may be amended from time to time, including but not limited to the . . . arbitration procedures for allegedly delinquent contributions." Savci Dec. Ex 1. Art VI; *see also* Savci Dec. ¶ 3.  The Trust Agreements, in turn, set forth monthly deadlines for employers, including Defendant, to make contribution payments. Savci Dec. ¶ 11; Savci Dec. Ex. 3.  As contemplated by the CBA, they also accord the Funds trustees the option of enforcing payment obligations as against delinquent employers pursuant to arbitration proceedings, rules and procedures for which are delineated in amendments to the Trust Agreements.  Savci Dec. ¶¶ 11-12; Savci Dec. Exs. 3-4.

In 2013, a dispute arose regarding Defendant's failure to timely make certain fringe benefit and other contribution and dues payments to the Funds and the Union.  Savci Dec. ¶ 14; Savci Dec. Exs. 5-6.  By letters dated November 1, 2013 and December 4, 2013, the Funds and Bonanza demanded that Defendant cure the delinquencies.  Savci Dec. ¶ 14; Savci Dec. Ex. 6. After these demands evidently failed to resolve the dispute, Plaintiffs served Defendant with a Notice of Intention to Arbitrate, dated April 2, 2014.  Savci Dec. ¶ 5; Savci Dec. Exs. 2, 5.  On April 11, 2014, Arbitrator Harris sent the parties notice that a hearing would take place on May 22, 2014.  Savci Dec. Exs. 2, 5.

Defendant did not appear before Arbitrator Harris, who, accordingly, conducted the May 22, 2014 hearing as a default proceeding.  Savci Dec. ¶ 16; Savci Dec. Ex. 2.  At the hearing, Plaintiffs introduced evidence in the form of a series of weekly Union shop steward reports for the period December 1, 2012 through May 31, 2013, a deficiency report based the shop steward reports and on records of Defendants' contribution and dues payments, and a summary report of

2

a payroll audit conducted by independent auditor Schultheis & Panettieri, LLP covering the period February 1, 2012 to March 29, 2013.  Savci Dec. ¶ 17; Savci Dec. Exs. 2, 6.  Based on this evidence, which he deemed "substantial and credible," Arbitrator Harris concluded that Defendant was delinquent $33,540.92 and $2,695.99 in fringe benefit contributions and Union dues and contributions, respectively, for the period February 1, 2012 to March 29, 2013, as well as $4,762.56 and $364.32 in fringe benefit contributions and Union dues and contributions, respectively, for the period April 1, 2013 to May 30, 2013.  Savci Dec. Ex. 2.  After assessing interest, audit costs, attorney's fees, arbitrator fees, and ERISA liquidated damages in the amount of 20% of the outstanding payment principal, Arbitrator Harris entered a default award of $55,097.35.  *Id.*  On May 25, 2014, Arbitrator Harris issued a written opinion memorializing the award.  *Id.*

Defendant made no payments against the award.  Savci Dec. ¶ 18.  Plaintiffs initiated this action seeking confirmation of the award on May 22, 2015.  *Id.* ¶ 19; Savci Dec. Ex. 6; Dkt. No. 1.

## II.     Discussion

### A.     Legal Standard

Generally, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  The court "'must grant' the award 'unless the award is vacated, modified, or corrected.'"  *Id.* (quoting 9 U.S.C. § 9).  The Court of Appeals has recognized that an "an extremely deferential standard of review" is appropriate in the context of arbitral awards in order "[t]o encourage and support the use of arbitration by consenting parties."  *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007); *see also Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) ("[A]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive

litigation.") (internal quotation marks omitted).  Accordingly, "[o]nly 'a barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).  Even when the "arbitrator's rationale for an award [is] not . . . explained," the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (citing *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)) (internal quotation marks omitted).

An unopposed motion to confirm an arbitral award should be treated as an unopposed motion for summary judgment, and, as such, the court "may not grant the motion without first examining the moving party's submission" to determine if it has met its attendant burden. *D.H. Blair*, 462 F.3d at 110 (citing *Vt. Teddy Bear Co. Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted); *see also Trustees of the UNITE HERE Nat. Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) ("In essence, the petition and the accompanying record become a motion for summary judgment," and "[t]he court's ruling must be based on the record, which includes the arbitration agreement and the arbitration award.") (internal quotation marks omitted).  Summary judgment is appropriate, even in the absence of opposition, only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Vt. Teddy Bear*, 373 F.3d at 244.  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *D.H. Blair*, 462 F.3d at 110 (emphasis omitted).

### B. Plaintiffs Have Demonstrated That They Are Entitled to Confirmation of the Arbitration Award as a Matter of Law

Plaintiffs have carried their burden, and confirmation of the award entered by Arbitrator Harris is warranted.

Plaintiffs have submitted uncontroverted evidence that the dispute at issue was arbitrable. As discussed, the CBA – continuing in effect by virtue of an automatic renewal clause, *see* Savci Dec.¶ 7; Savci Dec. Ex. 1. Art. XII – binds Defendant to the terms, including any arbitration provisions, of the Trust Agreements, and those Agreements in turn grant the Funds the right to arbitrate disputes regarding contribution delinquencies at their discretion.  Savci Dec. Ex. 1. Art. VI; *see also* Savci Dec. Exs. 3-4.  The CBA also independently grants the Union the right to arbitrate disagreements "involving questions of interpretation or application of any clause" of the CBA.  Savci Dec. Ex. 1, Art. X.  The record reflects that Plaintiffs served demands to cure the payment delinquencies on Defendant before duly initiating arbitration pursuant to written notice in accordance with the CBA and the Trust Agreements.  Savci Dec. Exs. 1-6.  Notwithstanding Defendant's failure to appear, there is no indication of any service or notice defect; nor is there any suggestion that Defendant expressly disputed arbitrability or otherwise objected to the arbitration proceeding.

Plaintiffs have also submitted undisputed evidence in support of Arbitrator Harris's substantive conclusions and corresponding award, in the form of a sworn declaration of counsel Haluk Savci, the weekly Union shop steward reports discussed above, and the results of the payroll audit conducted by Schultheis & Panettieri, LLP.  *See generally* Savci Dec; Savci Dec. Ex. 6.  The Court has reviewed these materials with the requisite deference to the Arbitrator, and it concludes that they provide more than the "barely colorable justification for the outcome reached" that "is necessary to confirm the award."  *D.H. Blair*, 462 F.3d at 110 (internal quotation marks omitted).  Confirmation, therefore, is appropriate.

### III.   Conclusion

For the reasons set forth above, Plaintiffs motion to confirm the May 25, 2014 arbitral award in the amount of $55,097.35 is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 10 and to close this case.

SO ORDERED.

Dated: February 23, 2017
       New York, New York

ALISON J. NATHAN
United States District Judge